UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA MORALES, an individual; and ROES 1-50 on behalf of themselves and in a representative capacity for all others similarly situated and on behalf of the general public,<br><br>    Plaintiff,<br><br>    v.<br><br>GE OSMONICS, INC., a corporation, GE IONICS, INC., inclusive<br><br>    Defendant. | Case No. 10-cv-01045 JM (WVG)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

On December 21, 2011, Plaintiff filed a motion seeking final approval of the settlement reached between Plaintiff and Defendants (the "Agreement," "Settlement Agreement" or "Settlement"). The court, having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, orders that:

    1.    All terms used herein shall have the same meaning as defined in the Settlement.

    2.    This court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including the Named Plaintiffs and Class Members.

    3.    The court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arm's-length negotiations. The court further finds that the parties have conducted extensive and costly investigation and research, and counsel for the parties are able to reasonably

1  evaluate their respective positions.  The court also finds that the Settlement, at this time, will avoid

2  additional substantial costs, as well as avoid the delay and risks that would be presented by the

3  further prosecution of the Action.

4      4.    The court finds that distribution of the Notice directed to the Putative Class Members

5  as set forth in the Stipulation and the other matters set forth therein have been completed in

6  conformity with the Preliminary Approval Order, including individual notice by first class mail to all

7  Putative Class Members who could be identified through reasonable effort.  The court finds the

8  Notice sent to all Putative Class Members provided due and adequate notice of the proceedings and

9  of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all

10  persons entitled to such Notice, and the Notice fully satisfied the requirements of due process.  At

11  the time of this order, the parties have represented that 156 Putative Class Members have made

12  claims under the Settlement, constituting a claim rate of almost 40%.  The amount of money claimed

13  at this point is $330,057.59.  No Putative Class Members objected to the Settlement and no Putative

14  Class Members have requested exclusion from the Class.

15      5.    This court hereby approves the settlement set forth in the Stipulation and finds that

16  the Settlement is, in all respects, fair, adequate and reasonable, and directs the parties to effectuate

17  the Settlement according to its terms.  The court has reviewed the monetary recovery that is being

18  granted as part of the Settlement and recognizes the significant value of that monetary recovery to

19  the Class.

20      6.    For purposes this Final Judgment and for settlement only, the court hereby certifies

21  the Class.

22      7.    The court hereby appoints the Named Plaintiff as class representative for the Class.

23      8.    The court hereby appoints Hurst & Hurst as counsel for the Class.

24      9.    As of the Effective Date, the Released Claims of each and every Class Member are

25  and shall be deemed to be conclusively released as against the Released Parties, including for any

26  injunctive or declaratory relief.  All Class Members as of the Effective Date are hereby forever

27  barred and enjoined from prosecuting Released Claims against the Released Parties.

28

1    10.    The court hereby awards attorneys' fees and costs (the "Fees and Costs Award") in
2 the amount of $250,000.  The Fees and Costs Award fully satisfies all fees and costs incurred by the
3 law firms that represented the Named Plaintiff and Putative Class Members in this proceeding,
4 including Hurst & Hurst.  No other attorneys or law firms shall be entitled to any award of attorneys'
5 fees or costs from GE in any way connected with this Action.
6    11.    The court hereby approves a Service Award to the Named Plaintiff in the amount of
7 $10,000.  The court hereby orders the Claims Administrator to distribute the Service Award to the
8 Named Plaintiff in accordance with the provisions of the Settlement.
9    12.    The court hereby approves claims administration fees to the Claims Administrator in
10 an amount up to $13,500.
11    13.    The court hereby orders the Claims Administrator to distribute the Gross Settlement
12 Awards in accordance with the provisions of the Settlement.
13    14.    After administration of the Settlement has been completed in accordance with the
14 Settlement and all amounts calculated, and in no event later than 180 days after the Effective Date,
15 GE shall file a report with this court certifying compliance with the terms of the Settlement.
16    15.    The Stipulation and Settlement are not an admission by GE or any of the other
17 Released Parties, nor is this judgment a finding, of the validity of any claims in the Action or of any
18 wrongdoing by GE or any of the other Released Parties.  Neither this order, the Stipulation, nor any
19 document referred to herein, nor any action taken to carry out the Stipulation is, may be construed
20 as, or may be used as an admission by or against GE or any of the other Released Parties of any
21 fault, wrongdoing or liability whatsoever.  The entering into or carrying out of the Stipulation, and
22 any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to
23 be evidence of, an admission or concession with regard to the denials or defenses by GE or any of
24 the other Released Parties and shall not be offered in evidence against GE or any of the Released
25 Parties in any action or proceeding in any court, administrative agency or other tribunal for any
26 purpose whatsoever other than to enforce the provisions of this Final Judgment, the Stipulation, or
27 any related agreement or release.  Notwithstanding these restrictions, any of the Released Parties
28 may file in the Action or in any other proceeding this Final Judgment, the Stipulation, or any other

1  papers and records on file in the Action as evidence of the Settlement and to support a defense of res
2  judicata, collateral estoppel, release, waiver or other theory of claim preclusion, issue preclusion or
3  similar defense as to the Released Claims.

4  16.  Without affecting the finality of this Final Judgment in any way, this court hereby
5  retains continuing jurisdiction over the interpretation, implementation and enforcement of the
6  Settlement and all orders and judgments entered in connection therewith.

7  17.  If the Settlement does not become final and effective in accordance with the terms of
8  the Settlement, resulting in the return and/or retention of the Settlement Fund to GE consistent with
9  the terms of the Settlement, then this Judgment and all orders entered in connection herewith,
10 including any order certifying the Class, appointing class representatives or class counsel and/or
11 permitting Named Plaintiffs to file a second amended class action complaint, shall be rendered null
12 and void and shall be vacated.

Dated: January 9, 2012

Jeffrey T. Miller
United States District Judge